IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YVETTA D. GREEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| v. | : | 1:22-cv-04218-SDG-RGV |
| | : | |
| RUSHMORE LOAN | : | |
| MANAGEMENT SERVICES LLC, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

Presently pending is a motion for more definite statement filed by defendants Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank"), jointly referred to as defendants. [Doc. 4].[1] Plaintiff Yvetta D. Green ("plaintiff"), proceeding *pro se*, has filed an "Affidavit of Specific Negative Averment," [Doc. 5 (emphasis omitted)], which the Court construes as her response to defendants' motion for more definite statement, and she also has filed a motion for a trial, [Doc. 6], and a motion for a hearing, [Doc. 7]. For the reasons

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

that follow, defendants' motion for a more definite statement, [Doc. 4], is **GRANTED**, and plaintiff's motions for a trial and hearing, [Docs. 6 & 7], are **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed a complaint against Rushmore in the Superior Court of Henry County on July 12, 2022, [Doc. 1-1 at 3-9], and on July 15, 2022, she filed an amended complaint against Rushmore, [id. at 10-30]; see also [Doc. 2]. On August 4, 2022, plaintiff filed the instant second amended complaint, adding U.S. Bank as a named defendant. [Doc. 3].[2]

In the second amended complaint, plaintiff alleges under the heading, "First Cause of Action," titled "Mortgage Fraud," [Doc. 3 at 1 (all caps omitted)], the following:

> I [plaintiff], the record borrow for the property at 205 Talbot Court, McDonough, GA 30253. I'm filing a Civil Lawsuit for Residential Mortgage Fraud (Georgia Code 16-8-102)[.] As an attempt to save my home from egregious violator Rushmore . . . for deceiving me with material misstatements, misrepresentation, [o]mission relating to my mortgage statements for my property for which I relied upon to be true, by the assignee who the loan was tranfer[red] to, from Wells Fargo Home Mortgage, Rushmore intentionally cause[d] infliction of emotion[al] distress, and defamation, and violations of consumer protection procedures acts, and fair credit report act, and the debt collection practices act.

---

[2] Defendants assert that plaintiff attempted to serve U.S. Bank via Rushmore's registered agent, but U.S. Bank does not maintain a registered agent in Georgia, and although the attempted service of U.S. Bank was improper, U.S. Bank "is waiving service of process." [Doc. 4-1 at 5].

[Id. at 1 ¶ 3 (emphasis omitted)]. Following this factual statement, plaintiff asserts five state law claims against only Rushmore for residential mortgage fraud, violations of consumer rights, money laundering, forgery in the first degree, and financial transaction schemes, [id. at 1-2], and she seeks $581,523.34 in damages, but requests that the amount be trebled since she had to file this action for a total of $1,744,570.02, [id. at 3].[3]

On October 24, 2022, Rushmore removed the action to this Court based on federal question jurisdiction, [Doc. 1], and on October 31, 2022, defendants filed a motion for more definite statement, [Doc. 4], to which plaintiff filed an affidavit of specific negative averment, [Doc. 5]. On November 30, 2022, plaintiff filed a motion for trial, [Doc. 6], and on December 2, 2022, she filed a motion for a hearing, [Doc. 7]. The Court will address each of the pending motions.

## II. DISCUSSION

**A.     Motion for More Definite Statement, [Doc. 4]**

Under Federal Rule of Civil Procedure 12(e), defendants may seek a more definite statement if the claims stated in the complaint are "so vague or ambiguous

---

[3] Plaintiff also provides a "Damage Explanation," and lists justifications for her amounts for mortgage fraud violations, emotional distress, and bankruptcy, [Doc. 3 at 4-5 (emphasis omitted)]. Plaintiff has also attached numerous loan documents to her second amended complaint, but she has not identified or referenced these documents anywhere in her pleading. [Id. at 9-41].

3

that the part[ies] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Specifically, the rule provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Id. "A motion for more definite statement is intended only to provide a remedy for an unintelligible pleading, not as a vehicle for obtaining greater detail." Evans v. Wurkin Stiffs, Inc., CASE NO. 15-61934-CIV-COHN-SELTZER, 2016 WL 8793339, at *2 (S.D. Fla. Mar. 21, 2016) (citation omitted); see also Williams v. Walmart Stores E., LP, CASE NO. 1:18-CV-874-WKW, 2019 WL 2606898, at *1 (M.D. Ala. June 25, 2019) (citation omitted). "The burden is on the movant[s] to demonstrate that the complaint is so vague or ambiguous that they cannot respond, even with a simple denial, in good faith or without prejudice to them." Hart v. Hodges, No. 1:05-CV-30 (WLS), 2005 WL 1630548, at *1 (M.D. Ga. July 8, 2005) (citation omitted). "Whether to grant relief under Rule 12(e) is left to the Court's discretion." Betts v. Conecuh Cnty. Bd. of Educ., Civil Action No. 13–0356–CG–N, 2014 WL 7411670, at *2 (S.D. Ala. Dec. 30, 2014) (citing Porter v. Duval

Cnty. Sch. Bd., 406 F. App'x 460, 461 (11th Cir. 2010) (per curiam) (unpublished)), adopted at *1.

In the federal system, motions for more definite statement are generally disfavored in light of liberal discovery practices and the employment of the concept of "notice pleading." Scarfato v. Nat'l Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993); see also Leslie v. Bank of Am. Corp., CIVIL ACTION FILE NO. 1:19-cv-04001-ELR-RGV, 2020 WL 13593894, at *4 (N.D. Ga. Feb. 12, 2020) (citations omitted). "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Broner v. Wash. Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished). "The complaint need only provide enough information to give a defendant fair notice of the plaintiff's claim and the grounds the claim is based on." Id. (citation omitted); see also Sanders v. HSBC Card Serv., CIVIL ACTION FILE NO. 1:10-cv-797-CAP-RGV, 2010 WL 11647200 (N.D. Ga. June 1, 2010) (alteration in original) (internal marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("At a minimum, the complaint must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). Moreover, Rule 10(b) of the Federal Rules of Civil Procedure requires that the plaintiff "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.

5

R. Civ. P. 10(b). "When a complaint does not provide sufficient information to allow the defendant[s] to form a responsive pleading, the court may order the plaintiff to file a more definite statement under Rule 12(e)." Autry v. Mercantile Adjustment Bureau, LLC, CIVIL ACTION FILE NO. 1:08-CV-3730-CAM-GGB, 2009 WL 10712009, at *1 (N.D. Ga. Feb. 12, 2009) (citations omitted).

Finally, although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) ("Although we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings."); Lindsay v. Bank of Am. Home Loans, CIVIL ACTION NO. 1:15-CV-2074-ELR-LTW, 2016 WL 4546654, at *4 (N.D. Ga. Feb. 1, 2016) (citation omitted).[4]

---

[4] In addition to striking the pleading, Rule 12(e) "independently authorizes [the] [C]ourt to dismiss a complaint for failure to amend the pleadings as directed" by the Court. Kratage v. Charter Twp. of Commerce, 926 F. Supp. 102, 103 (E.D. Mich. 1996); see also Martinez v. Johnson, 61 F. App'x 121, 121 (5th Cir. 2003) (per curiam) (unpublished) (upholding dismissal of case with prejudice for plaintiff's

Defendants argue that plaintiff has "filed a pleading that is impossible to frame a proper response to and can, in no way, be called 'short and plain.'" [Doc. 4-1 at 6]. Indeed, defendants contend that plaintiff's second amended complaint "is a quintessential shotgun pleading," explaining that "it is not clear exactly how many causes of actions are being asserted"; "she sets forth [] a laundry list [of violations] without any clear connection to any factual allegations"; the "documents attached to the [s]econd [a]mended [c]omplaint provide further confusion about the claims, as they are full of extraneous handwriting that is impossible to decipher"; and a "federal pro se complaint template is found, which seems to make clear that the [p]laintiff is trying to assert federal causes of action, but it is not known why this is attached . . ., as it was filed in state court." [Id. at 8-9 (citations omitted)]. Thus, defendants request that the Court "direct that the [p]laintiff file an amended complaint that fully complies with Rules 8(a) and 10(b)." [Id. at 10]. For the reasons that follow, defendants' motion for a more definite statement, [Doc. 4], is due to be granted.

---

failure to comply with two court orders to amend complaint); Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 n.3 (11th Cir. 1996); McClellon v. Lone Star Gas Co., 66 F.3d 98, 103 (5th Cir. 1995) (recognizing the appropriate remedy for failing to amend a complaint when ordered to do so under Rule 12(e) was dismissal); Wroten v. Walmart, CV 19-1125 MV/JHR, 2020 WL 5775904, at *2 (D.N.M. Aug. 5, 2020) (recommending striking plaintiff's complaint pursuant to Rule 12(e) for plaintiff's failure to file a more definite statement as ordered and also recommending dismissal of case without prejudice pursuant to Rule 41(b)), adopted, 2020 WL 5768916, at *1 (D.N.M. Sept. 28, 2020).

Plaintiff's second amended complaint fails to assert even the most basic factual predicate to support any claims. See LeBlanc v. LVNV Funding, LLC, Case No. 2:19-cv-285-FtM-99MRM, 2019 WL 2492124, at *1 (M.D. Fla. June 14, 2019) (granting defendant's motion for a more definite statement because the *pro se* plaintiff's complaint was "not sufficiently specific to place defendant on notice of the claims against it"). Additionally, plaintiff has failed to assert any allegations against U.S. Bank or make any claims against U.S. Bank. See generally [Doc. 3]. Her complaint consists of a mere laundry list of violations, but she does not provide any facts to support these conclusory allegations, and it is difficult to discern her precise claims given the statutes cited and her sparse factual statements, see [id.], and her "[a]ffidavit of [s]pecific [n]egative [a]verment," [Doc. 5 (emphasis omitted)], does not remedy the deficiencies in her second amended complaint.

"In sum, [plaintiff's] [second amended c]omplaint is vague and ambiguous, and sets forth no facts or circumstances surrounding the acts or omissions upon which [she] bases [her] claim[s] for relief." Autry, 2009 WL 10712009, at *2. Thus, plaintiff's second amended "[c]omplaint fails to comply with Federal Rules of Civil Procedure 8 and 10."[5] Mitchell v. Everhome Bank, CIVIL ACTION NO. 1:11-

---

[5] Although there is a more relaxed pleading standard in the state courts of Georgia, including the Superior Court of Henry County where plaintiff initiated this action, [Doc. 3]; see also Tyler v. Nationstar Mortg. LLC, CIVIL ACTION FILE NO. 1:17-

CV-3866-CC-CCHA, 2012 WL 13129784, at *3 (N.D. Ga. Feb. 23, 2012). Because the Court finds that the second amended complaint does not provide sufficient detail to allow defendants to form a responsive pleading, see Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290, 1294-95 (N.D. Ga. Mar. 29, 2005) (citations omitted) (granting defendants' motion for a more definite statement where the plaintiff's complaint failed to provide them with "'fair notice' of the factual basis underlying the claims that they must [] attempt to defend"), aff'd, 230 F. App'x 878 (11th Cir. 2007) (per curiam) (unpublished), defendants' motion for a more definite statement, [Doc. 4], is **GRANTED**, and plaintiff shall be required to submit an amended complaint.

---

cv-03510-WSD-RGV, 2018 WL 1932909, at *4 (N.D. Ga. Jan. 25, 2018) (citation omitted) (explaining that the pleading standard in Georgia is lower than the standard under the Federal Rules of Civil Procedure), adopted by 2018 WL 1835851, at *3 (N.D. Ga. Apr. 17, 2018), the, "[p]roper use of judicial resources and fairness to defendants who have to answer a complaint require that litigants, even those proceeding *pro se*, and, pursuant to Fed. R. Civ. P. 81(c)(1), those whose complaints are removed from state court, must comply with the Federal Rules of Civil Procedure," Dudley v. Stone, CIVIL ACTION FILE NO. 1:15-CV-3088-CC-JFK, 2016 WL 11546267, at *3 (N.D. Ga. Apr. 11, 2016) (internal citations omitted), adopted by 2016 WL 11546295, at *1 (N.D. Ga. Sept. 28, 2016). Moreover, although "[u]nder Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms," Ullah v. BAC Home Loans Servicing LP, 538 F. App'x 844, 846 (11th Cir. 2013) (per curiam) (unpublished) (citation omitted), it is doubtful that the sparse allegations of plaintiff's second amended complaint would be sufficient to satisfy the more relaxed state court standard, as she does not even generally allege the conduct purportedly giving rise to her causes of action, see generally [Doc. 3].

Plaintiff is hereby **ORDERED** to file within **fourteen (14)** days an amended complaint which complies with Federal Rules of Civil Procedure 8 and 10, by setting forth in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances, a short and plain statement of the claim showing that she is entitled to relief. Plaintiff shall separately list each distinct cause of action in a separate count and specifically identify the factual allegations supporting each count. Moreover, "[i]n being ordered to replead under Rule 12(e), [plaintiff] is not being granted leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2)," and "[t]hus, she shall not use this as an opportunity to add new claims and/or parties which are not apparent from the allegations in her [second amended] [c]omplaint." Betts, 2014 WL 7411670, at *13 (citation omitted). Plaintiff is advised that failure to obey the Court's Order to file an amended complaint within 14 days shall result in a recommendation to dismiss this action for failure to prosecute and for failure to comply with the Federal Rules of Civil Procedure and the Order of this Court. See Fed. R. Civ. P. 12(e), 41(b).

**B.     Motions for Trial and for Hearing, [Docs. 6 & 7]**

On November 30, 2022, plaintiff filed a motion, docketed as a motion for trial, [Doc. 6], in which plaintiff asks "for a trial to show evidence to prove [her] lawsuit," [id. at 1-2]. "It is axiomatic that a request for trial is a representation that

10

the action is in a posture that is ready for trial." Zoltek Corp. v. United States, 13 C.I.T. 1098, 1103, 728 F. Supp. 762, 765 (Ct. Int'l Trade 1989). "This implies that issue is joined, that the parties have framed the issues, that discovery is complete or nearly complete, and that the parties are prepared to proceed with the disposition of the action on the merits." Id. However, that is not the case here, as the case was just removed to this Court on October 24, 2022, [Doc. 1], and the parties have yet to commence discovery or to file any dispositive motions. Accordingly, the Court hereby **DENIES** plaintiff's motion for a trial, [Doc. 6], as premature.

Plaintiff also has filed a motion for a hearing, [Doc. 7], stating that she is "asking for a hearing[] because [defendants] continue to violate [her] rights," [id. at 1]. Plaintiff, however, has not clearly stated the relief she seeks or the grounds for her motion. If plaintiff seeks a ruling or order in regard to a pending claim, she must file a motion that clearly and simply states (1) the relief she seeks from this Court and (2) a specific ground or reason for that relief. See Fed. R. Civ. P. 7(b)(1). Furthermore, plaintiff must present her pleadings in this Court in a clear and concise manner and omit any redundant and impertinent matters. See Fed. R. Civ. P. 12(f); McCorstin v. U.S. Dep't of Labor, 630 F.2d 242, 244 (5th Cir. 1980) (citing Fed. R. Civ. P. 12 (f) and upholding the district court's discretion to strike pleadings that contain impertinent or scandalous material). To the extent plaintiff

11

intended her motion to request a hearing at which she would prove her case against defendants, it is inappropriate to do so at this stage of the litigation. Accordingly, the Court hereby **DENIES** plaintiff's motion for a hearing, [Doc. 7].

### III. CONCLUSION

For the foregoing reasons, plaintiff's motions for a trial and hearing, [Docs. 6 & 7], are **DENIED**, and defendants' motion for a more definite statement, [Doc. 4], is **GRANTED**, and plaintiff is **ORDERED** to file within **fourteen (14)** days from the date of this Order an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Failure to comply with this Order may result in the striking of the second amended complaint and dismissal of this case for failure to comply with the Court's Order.  See Fed. R. Civ. P. 12(e), 41(b); LR 41.3(A)(2), NDGa.

**IT IS SO ORDERED** this 7th day of December, 2022.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE