**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| YVETTA D. GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, and U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>    Defendants. | Case No. 1:22-cv-04218-SDG-RGV |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR EXTENSION OF TIME**

COME NOW, Rushmore Loan Management Services, LLC ("Rushmore")

and U.S. Bank National Association, as Legal Title Trustee for Truman 2016 SC6

Title Trust ("U.S. Bank") (collectively, "Defendants"), and file this Response in

Opposition to the Plaintiff's Motion for Extension of Time [Doc. 16], respectfully

showing this Honorable Court as follows:

**RELEVANT FACTS AND PROCEDURAL HISTORY**

This case began back on July 12, 2022, when the Plaintiff filed her initial

Complaint in the Superior Court of Henry County on July 12, 2022. *See* [Doc. 1-1]

1

at p. 3. Three days later, on July 15, 2022, she filed an Amended Complaint. *Id.* at

p. 10. Without serving either Defendant, the Plaintiff then filed a Second Amended

Complaint on August 1, 2022. *Id.* at p. 31. After the Plaintiff finally served

Rushmore on September 22, 2022, *id.* at p. 78, Rushmore and U.S. Bank removed

the case to this Court on October 24, 2022. *See* [Doc. 1].

Once in this Court, the Defendants moved for a more definite statement on

October 31, 2022. The Plaintiff did not respond to the motion, but instead filed a

document titled "Affidavit of Specific Negative Averment", a Motion for Trial,

and Motion for Hearing. [Docs. 5, 6, 7].

On December 7, 2022, this Court entered an Order granting the Motion for

More Definite Statement. [Doc. 9]. In its Order, this Court stated that

> Plaintiff's second amended complaint fails to assert even the most
> basic factual predicate to support any claims. See LeBlanc v. LVNV
> Funding, LLC, Case No. 2:19-cv-285-FtM-99MRM, 2019 WL
> 2492124, at *1 (M.D. Fla. June 14, 2019) (granting defendant's
> motion for a more definite statement because the *pro se* plaintiff's
> complaint was "not sufficiently specific to place defendant on notice
> of the claims against it"). Additionally, plaintiff has failed to assert
> any allegations against U.S. Bank or make any claims against U.S.
> Bank. See generally [Doc. 3]. Her complaint consists of a mere
> laundry list of violations, but she does not provide any facts to support
> these conclusory allegations, and it is difficult to discern her precise
> claims given the statutes cited and her sparse factual statements, see
> [id.], and her "[a]ffidavit of [s]pecific [n]egative [a]verment," [Doc. 5
> (emphasis omitted)], does not remedy the deficiencies in her second
> amended complaint.

. . .

Plaintiff is hereby **ORDERED** to file within **fourteen (14)** days an amended complaint which complies with Federal Rules of Civil Procedure 8 and 10, by setting forth in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances, a short and plain statement of the claim showing that she is entitled to relief. Plaintiff shall separately list each distinct cause of action in a separate count and specifically identify the factual allegations supporting each count. Moreover, "[i]n being ordered to replead under Rule 12(e), [plaintiff] is not being granted leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2)," and "[t]hus, she shall not use this as an opportunity to add new claims and/or parties which are not apparent from the allegations in her [second amended] [c]omplaint." <u>Betts</u>, 2014 WL 7411670, at *13 (citation omitted). Plaintiff is advised that failure to obey the Court's Order to file an amended complaint within 14 days shall result in a recommendation to dismiss this action for failure to prosecute and for failure to comply with the Federal Rules of Civil Procedure and the Order of this Court. <u>See</u> Fed. R. Civ. P. 12(e), 41(b).

*Id.* at pp. 9-10.

On December 21, 2022, the Plaintiff filed her Third Amended Complaint. [Doc. 11]. This handwritten document removed any references to U.S. Bank as being a defendant and is mostly just a laundry list of questions that reference exhibits to the pleading that, like the Second Amended Complaint, are full of extraneous handwritten notes. *See generally id.* The only references to any purported causes of action are a citation to O.C.G.A. § 16-4-8 on page two and in the conclusion when she asks this Court to "please grant [her] damages in the sole

case of negligence. *See id.* at pp. 2, 8. Because the Third Amended Complaint failed to comply with this Court's Order, the Defendants filed a Motion to Dismiss, or in the alternative, for More Definite Statement on December 29, 2022. [Doc. 12].

On January 13, 2023, the Plaintiff filed a "Motion for Extension for More Definite Statement" asking this Court "to grant [her] an Extension to prepare a More Definite Statement" and simply said she "[n]eed[s] more time to prepare my case for More definite Statements." [Doc. 14] at p. 1. On January 20, 2023, this Court granted that motion, construing it "as a motion for extension of time to respond to defendant's motion to dismiss, [Doc. 12]." [Doc. 15]. The Plaintiff was given until February 3, 2023, to file her response. *Id.*

Then, on January 30, 2023, the Plaintiff filed another motion for extension of time "to prepare for a More Definite Statement." [Doc. 16]. This time, she has asked for an astounding ***eight-month*** extension. The reason, she claims, is that she "[n]eed[s] more time to Receive Documents from Rushmore" that she did not even request until January 30, 2023 (over six months after she filed her initial Complaint). This request is outrageous and should be denied.

## ARGUMENT AND CITATION OF AUTHORITY

Fed. R. Civ. P. 6(b)(1)(A) allows this Court to extend deadlines "for good cause" when the request is made before the original or extended deadline expires. "Rule 6 does not define 'good cause,' but commentators have noted that a party must provide some sort of justification for the extension." *Jenkins v. McCalla Raymer, LLC*, No. 1:10-CV-03732-CAP-AJB, 2011 WL 13318624, at *5 (N.D. Ga. Apr. 19, 2011) (citations omitted). "Also, the commentators have noted that a 'court generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions.'" *Id.* (quoting Moore's Fed. Pract. – Civil § 6.02[2]) (citation omitted).

Here, the Plaintiff has failed to show any good cause for getting another extension. To begin with, both requests ask for more time "to prepare for a More Definite Statement." This Court construed the first motion as one for more time to respond to the Motion to Dismiss, but the second motion seems to make clear that the Plaintiff is not asking for more time to do that, but instead to file a *Fourth* Amended Complaint, which she has not asked for nor received leave to file. Since the Plaintiff seems to have no intention of responding to the Motion to Dismiss, this Court should deny the second Motion for Extension of Time and treat the motion as unopposed.

5

If the Plaintiff actually is asking for more time to respond to the Motion to Dismiss, her request is outside the bounds of reasonableness. She has requested an ***eight-month*** extension of time. It goes without saying that a litigant – even one that is *pro se* – does not need that kind of time to respond to a seven-page motion. And her given reason for the extension – needing documents from Rushmore – makes no sense as no documents are necessary to respond to the pending Motion to Dismiss. The motion argues that the Plaintiff failed to comply with this Court's prior order on the Motion for More Definite Statement. The only documents needed are the order, motion, and the Third Amended Complaint. In any event, the Plaintiff claims not to have requested documents from Rushmore until January 30, 2023, over a month after the Motion to Dismiss was filed. This shows a clear lack of diligence on the Plaintiff's part. The Motion for Extension of Time should be denied. However, if this Court is inclined to grant it, the extension should be very short and its order should make clear to the Plaintiff that the extension is for her to respond to the Motion to Dismiss, not to file another amended complaint.

## CONCLUSION

It has been nearly seven months since the Plaintiff initially filed this case and she still cannot formulate a coherent pleading or properly follow the procedural rules. Now she wants another ***eight months*** to draft another amended

6

complaint, ignoring that she needs to respond to the Motion to Dismiss. The

Defendants should not be forced to continue to spend time and money to defend

this nonsensical action while the Plaintiff tries to gather evidence that she thinks

will help her in her quest. Based on the foregoing, the Defendants respectfully

request that this Court deny the Plaintiff's Motion for Extension of Time.

    Respectfully submitted, this 2nd day of February, 2023.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com

*Attorney for Rushmore Loan Management*
*Services, LLC and U.S. Bank National*
*Association, as Legal Title Trustee for*
*Truman 2016 SC6 Title Trust*

8

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was

prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 2nd day of February, 2023.

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)

8

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 2nd day of February, 2023, served all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Yvetta D. Green
205 Talbot Court
McDonough, GA 30253

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

9