IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVETTE D. GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, and U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>    Defendants. | Case No. 1:22-cv-04218-SDG-RGV |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REVIEW AND PETITION FOR COURT TO INVESTIGATE

COME NOW, Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") (collectively, "Defendants"), and file this Response in opposition to the Plaintiff's "Motion for Review by Chief Judge Batten" [Doc. 21] and Petition for "the Court to Investigate my home loan for Mortgage Fraud Conspiracy" [Doc. 22], respectfully showing this Honorable Court as follows:

## INTRODUCTION

1

As this Court is likely well aware by now, the Defendants filed a Motion to Dismiss, or in the alternative, for More Definite Statement on December 29, 2022. [Doc. 12]. That motion was filed after this Court granted the Defendants' Motion for More Definite Statement on December 7, 2022, and gave the Plaintiff specific instructions for how to file a proper complaint. [Doc. 9]. The Plaintiff utterly failed in all respects to file a proper amended complaint in complete disregard of this Court's order, which resulted in the Defendants moving to dismiss under Rule 41(b). *See* [Doc. 12].

Almost two months have now passed since the Defendants filed their Motion to Dismiss, and the Plaintiff has yet to file a response. Instead, she has filed three motions for extension of time to respond. [Docs. 14, 16, 19]. The first motion was granted, and gave the Plaintiff until February 3, 2023, to file a response. [Doc. 15]. Then, on February 2, 2023, the Plaintiff filed a ludicrous request for an *eight month* extension of time. [Doc. 16]. The Defendants opposed the motion [Doc. 17], and this Court quickly denied it. [Doc. 18]. That order, however, gave the Plaintiff a short extension until February 10, 2023, to respond to the Motion to Dismiss. *Id.* In clear defiance of this Order, the Plaintiff filed *another* motion for extension of time on February 10, which was essentially identical to her prior one, again asking for

an *eight month* extension. [Doc. 19]. The Defendants have opposed this motion. [Doc. 20].

Now, rather than responding to the Motion to Dismiss or trying to get a proper complaint filed, the Plaintiff has filed two utterly ridiculous and frivolous motions. The first one, titled "Motion for Review by Chief Judge Batten", asks him to "please stop Rushmore from adding fees to my account . . ." and that she "need[s] help with this white collar crime of pattern of racketeering." [Doc. 21] at p. 2. Later in that motion, she accuses various individuals and entities of being part of a mortgage fraud conspiracy, including the undersigned and Magistrate Judge Vineyard. *See id.* at pp. 11-12. She even says "[c]ould I motion for a different Judge Please remove Honorable Judge Russell G. Vineyard [*sic*]." *Id.* at p. 12.

The other motion, titled as a petition for "the Court to Investigate my home loan for Mortgage Fraud Conspiracy" asks this Court to "accept [her] request to investigate Rushmore, and U.S. Bank of Truman [*sic*]." [Doc. 22] at pp. 1-2. She goes on to say "please allow me to show proof of racketeering . . . ." *Id.* at p. 2.

It goes without saying that these motions are completely improper. Moreover, the Defendants assert that they – along with the Plaintiff's other actions here – are grounds for this Court to dismiss this case *with prejudice* under Rule 41(b).

3

## ARGUMENT AND CITATION OF AUTHORITY

**A. THE PLAINTIFF'S MOST RECENT MOTIONS ARE CAUSE TO DISMISS THIS CASE WITH PREJUDICE**

Little needs to be said about the two motions now pending before this Court. They are full of nonsensical and illogical allegations and conspiracy theories that this Court should disregard out of hand. Additionally, Chief Judge Batten has absolutely no authority over any aspect of this case. *See* 28 U.S.C. § 137 (chief judge can only divide cases as provided for by rules and orders of the court or the judicial council of the circuit); *see Lauro v. Hawaii*, Civ. Nos. 12-00637, 19-00585, 2020 WL 1066973, at *2 (D. Haw. 2020) (citations omitted); *Chipka v. Bank of Am., N.A.*, No. 1:07-cv-1957-WSD, 2009 WL 10712225, at *1 n.2 (N.D. Ga. Oct. 15, 2009). If the Plaintiff wants to get this Court to review substantive allegations, she must get a proper complaint before the Court and follow the Federal Rules of Civil Procedure in prosecuting her case like every other litigant must do. Further, district courts do not have the authority to initiate criminal investigations or to order law enforcement agencies to do so. *See Sykes v. Hillsborough Cmty. Coll.*, No. 8:19-CV-00019-T-35-SPF, 2019 WL 1560343, at *1 (M.D. Fla. Jan. 31, 2019), *report and recommendation adopted*, 2019 WL 1558850 (M.D. Fla. Apr. 10, 2019) (citation omitted); *Lovoi v. U.S. Dept. of Justice*, 679 F. Supp. 2d 12, 14 (D.D.C. 2010) (citation omitted).

In the Defendants' Motion to Dismiss, or in the alternative, for More Definite Statement, the Defendants asked that the case be dismissed without prejudice under Rule 41(b). *See* [Doc. 12-1] at p. 6. This was because "dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) (collecting cases). At the time the motion was filed, the Defendants did not believe that this standard could be met. However, as described above, much has transpired in the last two months to change the calculus.

Here, there is now "clear pattern of delay or willful contempt (contumacious conduct)" such that dismissal with prejudice should be imposed. The Plaintiff has tried to delay this case by ignoring this Court's pleading instructions and filing a Third Amended Complaint that completely disregarded the instructions set forth in the order on the Motion for More Definite Statement. Next, she has shown a combination of both delay and contumacious[1] conduct in her attempts to obtain

---

[1] "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.'" *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Webster's Third New Int'l Dictionary* 497 (1986)).

extensions of time to respond to the Motion to Dismiss. First, she is again trying to delay the case by not responding to the motion and seeking absurd *eight month* extensions of time. Second, she has shown contumacious conduct by completely flouting this Court's Order denying her first motion for an eight month extension and simply refiling it as an amended motion with slight changes.

The two most recent motions show more – and perhaps more egregious – contumacious conduct. In one of the motions, the Plaintiff is not satisfied with the assigned judges deciding her case and wants to instead ask Chief Judge Batten for relief.[2] This fits exactly within the definition of contumacious, as the Plaintiff is clearly being "perverse in resisting authority" by not wanting to listen to Magistrate Judge Vineyard and instead wanting to go before a different judge who she thinks might give her a different result. *See* fn.1, *supra*. She further resists authority in her other motion in which she accuses Magistrate Judge Vineyard of being part of a mortgage fraud conspiracy against her and asking for a different judge.

Since it is evident that the Plaintiff has shown a clear pattern of both delay and contumacious conduct, this Court can proceed to dismiss this case with prejudice, provided it "specifically finds that lesser sanctions would not suffice."

---

[2] Being the Chief Judge does not grant Judge Batten any additional judicial powers. *See* 28 U.S.C. § 132(c); 28 U.S.C. § 136(b).

*Betty K Agencies, Ltd.*, 432 F.3d at 1339. If this Court was to dismiss without prejudice, the Plaintiff would almost surely return with the same nonsensical allegations and litigation tactics, wasting the Defendant's and this Court's time and money to go through the same motions again. The Eleventh Circuit has previously affirmed a dismissal with prejudice under Rule 41(b) where the plaintiff filed a shotgun complaint and "made no meaningful attempt to comply with the district court's orders despite being given multiple opportunities to file amended complaints." *Goodison v. Wash. Mut. Bank*, 232 F. App'x 922, 923 (11th Cir. 2007). This is essentially what the Plaintiff has done here, multiplied by her multiple frivolous motions and outrageous requests for extensions of time.

Moreover, this Court previously warned the Plaintiff that failing to comply with the initial order to file a more definite statement "may result in the striking of the second amended complaint and dismissal of this case for failure to comply with the Court's Order." [Doc. 9] at p. 12. "[I]n general, where the plaintiff has been forewarned, dismissal following the plaintiff's disregard of an order is not an abuse of discretion." *Reid v. Hasty*, No. 1:07-CV-2475-ODE/AJB, 2009 WL 10712038, at *4 (N.D. Ga. Jan. 27, 2009), *report and recommendation adopted as modified*, No. 1:07-CV-2475-ODE, 2009 WL 10711953 (N.D. Ga. Mar. 2, 2009) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Since the Plaintiff

7

here has been warned, this Court should find that proper conditions exist for dismissal with prejudice.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court deny the motions at [Doc. 21] and [Doc. 22] and proceed to dismiss this case with prejudice under Rule 41(b).

Respectfully submitted, this 21st day of February, 2023.

>  */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for Rushmore Loan Management Services, LLC and U.S. Bank National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust*

## **FONT CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 21st day of February, 2023.

                                         */s/ Bret J. Chaness*
                                         BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 21st day of February, 2023, served all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

    Yvetta D. Green
    205 Talbot Court
    McDonough, GA 30253

                                      */s/ Bret J. Chaness*
                                      BRET J. CHANESS (GA Bar No. 720572)