IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVETTA D. GREEN,<br><br>        Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, and U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>        Defendants. | Case No. 1:22-cv-04218-SDG-RGV |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF APPEAL

COME NOW, Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") (collectively, "Defendants"), and file this to the Plaintiff's Notice of Appeal [Doc. 24], respectfully showing this Honorable Court as follows:

### RELEVANT FACTS AND PROCEDURAL HISTORY

The Plaintiff is out of control. After this Court denied the Plaintiff's initial motion for an eight month extension of time to respond to the Defendants' Motion

1

to Dismiss, or in the alternative, for More Definite Statement, *see* [Doc. 18], the Plaintiff has flooded the docket with frivolous filings. Just one week after her initial motion for an eight-month extension was granted, she filed yet another motion asking for an eight-month extension. *See* [Doc. 19]. Then, she filed two motions, one asking for Chief Judge Batten to review this case and the other asking for the Court to launch its own independent investigation of an alleged mortgage fraud conspiracy. *See* [Docs. 21, 22]. She even accused Magistrate Judge Vineyard of being part of the conspiracy and asked for him to be removed from the case. *See* [Doc. 22] at pp. 11-12.

      Then, less than ten days after those ridiculous motions were filed, the Plaintiff filed the most recent document, titled as a "Notice of Appeal". *See* [Doc. 24]. However, nothing about the substance of this document is a notice of appeal (not to mention there is no final judgment or order certified for interlocutory appeal) and instead the Plaintiff is essentially asking for yet *another* extension of time. She says she needs 30 days and "[i]f given the extension for 30 days, I now have the resources that could help with this case." [Doc. 24] at p. 2. She goes on to say that "I now know how to use the resource [sic] to file a proper complaint before the court if given 30 days to handle my Civil case." *Id.* at p. 3. Moreover, she outright admits that the request to have Magistrate Judge Vineyard removed

from the case was a delay tactic aimed at "get[ting] more time for documents to come in from Rushmore, and though as stated in my motion case I just felt I wasn't given enough time to receive evidence." [Doc. 24] at p. 2.

This Court should put an end to this madness, once and for all. This case should be dismissed with prejudice, and this Court should strongly consider sanctioning the Plaintiff for her bad faith litigation tactics.

## ARGUMENT AND CITATION OF AUTHORITY

**A.  THE PLAINTIFF HAS NOT BEEN GRANTED ANY LEAVE TO FILE A MORE DEFINITE STATEMENT OR AMENDED COMPLAINT**

The Plaintiff is continuing with her requests for more time to prepare amended complaints or more definite statements. Aside from the ridiculous nature of these requests, the Plaintiff has not asked for leave to file any amended complaints or to file a more definite statement. Instead, what is pending that is unresponded to is the Defendants' Motion to Dismiss, or in the alternative, for More Definite Statement. The Plaintiff has shown no intent to respond to that motion, which should now be granted as unopposed. *See* LR 7.1(B) (N.D. Ga.).

To the extent that the Plaintiff is somehow meaning to ask for more time to respond to the Defendants' pending motion, it should be denied. Federal Rule of Civil Procedure 6(b) allows a time period to be extended for good cause shown if

3

the motion is made before the original time period or its extension expires; or, if the motion is filed afterwards, if excusable neglect is shown. It is not clear which standard would apply here, since the extended time period expired on February 10, and on that date, the Plaintiff filed her second motion for an eight month extension. *See* [Doc. 19]. That motion is still pending. It is not necessary to decide which standard applies, because the Plaintiff has failed to satisfy even the more lenient good cause standard.

"Rule 6 does not define 'good cause,' but commentators have noted that a party must provide some sort of justification for the extension." Jenkins v. McCalla Raymer, LLC, No. 1:10-CV-03732-CAP-AJB, 2011 WL 13318624, at *5 (N.D. Ga. Apr. 19, 2011) (citations omitted). "Also, the commentators have noted that a 'court generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions.'" Id. (quoting Moore's Fed. Pract. – Civil § 6.02[2]) (citation omitted).

Here, the Plaintiff has not provided any justification for the extension because she has not asked for an extension to respond to the pending motion nor has she explained what she has now that she did not have before in order to properly respond. She previously stated that she needed an eight month extension

4

so she could receive documents from Rushmore that would allow her to prepare a more definite statement. *See* [Doc. 16] at pp. 1-2. Now, without receiving those documents, she says she has the resources she needs and only needs 30 days. Something does not add up here, and all signs point to bad faith litigation tactics to get more and more time to drag this case along. The Plaintiff admitted that when she said that was her purpose in asking for Magistrate Judge Vineyard to recuse. This is also evidence that she abused the privilege of the prior extensions granted by the Court. This Court should not grant the Plaintiff any further extensions and this case should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court deny this most recent and all further requests for extensions of time by the Plaintiff and that this case be dismissed with prejudice under Rule 41(b).

Respectfully submitted, this 28th day of February, 2023.

                                */s/ Bret J. Chaness*
                                BRET J. CHANESS (GA Bar No. 720572)
                                **RUBIN LUBLIN, LLC**
                                3145 Avalon Ridge Place, Suite 100
                                Peachtree Corners, GA 30071
                                (678) 281-2730 (Telephone)
                                (470) 508-9203 (Facsimile)
                                bchaness@rlselaw.com

                                *Attorney for Defendants*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 28th day of February, 2023.

                                       */s/ Bret J. Chaness*
                                       BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 28th day of February, 2023, served all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Yvetta D. Green
205 Talbot Court
McDonough, GA 30253

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)