# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

YVETTA D. GREEN,

          Plaintiff,

   v.

RUSHMORE LOAN
MANAGEMENT SERVICES LLC,

       Defendant.

CIVIL ACTION FILE NO.
1:22-cv-04218-SDG-RGV

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Defendant Rushmore Loan Management Services LLC ("Rushmore"), along

with formerly named defendant U.S. Bank Trust National Association, as Legal

Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank"), have filed a motion

to dismiss, or in the alternative, for a more definite statement, [Doc. 12],[1] with

respect to plaintiff Yvetta D. Green's ("Green") third amended complaint, [Doc.

11].[2] Green, who is proceeding *pro se*, has not responded to the motion to dismiss,

---

[1] The listed document and page numbers in citations to the record in this Final
Report and Recommendation refer to the document and page numbers shown on
the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

[2] Although U.S. Bank was named as a defendant in Green's second amended
complaint, see [Doc. 3], Rushmore is the only named defendant in the third
amended complaint, see [Doc. 11], and U.S. Bank was therefore terminated as a
party as of the filing of the third amended complaint, see [Docket caption entry for

despite receiving two extensions of time to respond.  See [Docs. 14, 15, 16, & 18].

Instead, Green appealed the Court's denial of her motion for an eight-month

extension of time to respond to the motion to dismiss, which the Eleventh Circuit

Court of Appeals dismissed, see [Docs. 16, 18, 24, 25, 26, 27, 28, & 29], and she also

has filed an amended motion for an eight-month extension of time, [Doc. 19], a

motion for review by Chief Judge Batten, [Doc. 21], and a motion for the Court to

investigate home loan for mortgage fraud, [Doc. 22], all of which Rushmore and

U.S. Bank oppose, [Docs. 20 & 23].  For the reasons that follow, it is hereby

**RECOMMENDED** that this case be **REMANDED** to the Superior Court of Henry

County, Georgia, and that all pending motions be **DENIED AS MOOT**.

Alternatively, should jurisdiction be retained, it is **RECOMMENDED** that Green's

amended motion for an extension of time, [Doc. 19], be **DENIED**; that Rushmore's

motion to dismiss, [Doc. 12], be **GRANTED**; that Green's motions for review by

Chief Judge Batten, [Doc. 21], and for the Court to investigate home loan for

mortgage fraud, [Doc. 22], be **DENIED AS MOOT**; and that Green's third

amended complaint, [Doc. 11], be **DISMISSED**.

---

U.S. Bank].  However, U.S. Bank has continued to participate and jointly file and
respond in pleadings along with Rushmore.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Green originally filed a complaint against Rushmore in the Superior Court of Henry County on July 12, 2022, [Doc. 1-1 at 3-9], and on July 15, 2022, she filed an amended complaint against Rushmore, [id. at 10-30]; see also [Doc. 2].   On August 1, 2022, Green filed a second amended complaint, adding U.S. Bank as a named defendant, [Doc. 1-1 at 31-74]; see also [Doc. 3], and alleging under the heading, "First Cause of Action," titled "Mortgage Fraud," [Doc. 3 at 1 (all caps omitted)], the following:

> I . . . Green, the record borrow[er] for the property at 205 Talbot Court, McDonough, GA 30253.  I'm filing a Civil Lawsuit for Residential Mortgage Fraud (Georgia Code 16-8-102)[.]  As an attempt to save my home from egregious violator Rushmore . . . for deceiving me with material misstatements, misrepresentation, [o]mission relating to my mortgage statements for my property for which I relied upon to be true, by the assignee who the loan was tranfer[red] to, from Wells Fargo Home Mortgage, Rushmore intentionally cause[d] infliction of emotion[al] distress, and defamation, and violations of consumer protection procedures acts, and fair credit report act, and the debt collection practices act.

[Id. at 1 ¶ 3 (emphasis omitted)].  Following this factual statement, Green asserted five state law claims against only Rushmore for residential mortgage fraud, violations of consumer rights, money laundering, forgery in the first degree, and financial transaction schemes.  [Id. at 1-2].

On October 24, 2022, Rushmore removed the action to this Court based on federal question jurisdiction and supplemental jurisdiction over Green's state law

claims, [Doc. 1],³ and on October 31, 2022, Rushmore and U.S. Bank filed a motion for more definite statement, [Doc. 4], to which Green filed an affidavit of specific negative averment, [Doc. 5]. On December 7, 2022, the Court granted the motion for a more definite statement, see [Doc. 9], explaining that Green's "second amended complaint fail[ed] to assert even the most basic factual predicate to support any claims"; that Green had "failed to assert any allegations against U.S. Bank or make any claims against U.S. Bank"; that her second amended "complaint consist[ed] of a mere laundry list of violations, but she [did] not provide any facts to support [her] conclusory allegations, and it [was] difficult to discern her precise claims given the statutes cited and her sparse factual statements"; that her "affidavit of specific negative averment [did] not remedy the deficiencies"; that her second amended complaint was "vague and ambiguous" and set "forth no facts or circumstances surrounding the acts or omissions upon which she base[d] her claims for relief"; that her second amended complaint failed "to comply with Federal Rules of Civil Procedure 8 and 10"; and that it did "not provide sufficient detail to allow [Rushmore and U.S. Bank] to form a responsive pleading," [id. at 8-9 (alterations, footnote, citations, and internal marks omitted)]. The Court

---

³ In the notice of removal, Rushmore indicated that there had "been no proper service of process on U.S. Bank." [Doc. 1 at 2 ¶ 2].

therefore ordered Green to file an amended complaint that complied with the Federal Rules of Civil Procedure, explaining that she should "separately list each distinct cause of action in a separate count and specifically identify the factual allegations supporting each count." [Id. at 10]. Green was also advised that "[f]ailure to comply with th[e] Order may result in the striking of the second amended complaint and dismissal of th[e] case for failure to comply with the Court's Order." [Id. at 12 (citations omitted)].

On December 21, 2022, Green filed the instant third amended complaint, [Doc. 11], titled, "Mortgage Fraud Civil Conspiracy," and naming only Rushmore, [id. at 1]. In the third amended complaint, Green alleges:

> § 16-4-8 Georgia code, conspiracy to commit a crime.
> Rushmore is co-owner with U.S. Bank . . . . I the plaintiff [am] doing what I can to prevent Rushmore from attempting to steal my property from me with their [w]hite [c]ollar scheme, by material misstatements, misrepresentation, and omission relating to my mortgage[] statements and payment history statement.

[Id. at 2]. Green includes a laundry list of questions that reference specific exhibits attached to her third amended complaint, see [id. at 3-8], and requests in her concluding paragraph that that the Court grant her "damages in the sole case of negligence" and "award [her] the title deed to [her] property and $150,000 in real money for the hardship [she] endured for [five] years Rushmore served [her] loan," [id. at 8].

On December 29, 2022, Rushmore and U.S. Bank filed the pending motion to dismiss, or in the alternative, for a more definite statement, [Doc. 12], and on January 13, 2023, Green filed a motion seeking an extension of time to respond to the motion, [Doc. 14], which was granted, [Doc. 15], and she was given through February 3, 2023, to file her response to the motion to dismiss, [id.].  On January 30, 2023, Green filed a motion for an eight-month extension of time to respond to the motion to dismiss, [Doc. 16], which Rushmore and U.S. Bank opposed, [Doc. 17].  On February 3, 2023, the Court denied Green's motion for an eight-month extension, [Doc. 18], explaining that it had "previously extended the time for [her] to respond to [the] motion to dismiss" and that she had "not shown good cause for another lengthy extension, as requested," but nevertheless gave her through and including February 10, 2023, to file her response to the motion to dismiss, [id.].

On February 10, 2023, Green filed an amended motion for an eight-month extension of time to respond to the motion to dismiss, [Doc. 19], which was nearly identical to her previous motion denied by the Court, and on February 13, 2023, Rushmore and U.S. Bank filed a response in opposition to the amended motion, [Doc. 20].  Green also filed a motion for review by Chief Judge Batten, [Doc. 21], and a motion for the Court to investigate her home loan for mortgage fraud conspiracy, [Doc. 22], both of which Rushmore and U.S. Bank have opposed, [Doc. 23].  On February 24, 2023, Green filed a notice of appeal as to the Court's February

3, 2023, Order denying her January 30, 2023, motion for an eight-month extension. [Doc. 24].   On April 7, 2023, the Eleventh Circuit Court of Appeals dismissed Green's appeal for lack of jurisdiction.   [Doc. 29].   Thus, the pending motions, [Docs. 12, 19, 21, & 22], are now ripe for ruling.

## II.   DISCUSSION

### A.   <u>Preliminary Jurisdictional Issue</u>

Green initially filed this action in state court and twice amended her complaint before Rushmore removed the action on the basis of a federal claim asserted in the second amended complaint.  <u>See</u> [Docs. 1, 2, & 3].  After Rushmore removed the case to this Court, [Doc. 1], and the Court granted a motion for more definite statement filed by Rushmore and U.S. Bank and ordered Green to file an amended complaint that complies with the Federal Rules of Civil Procedure, <u>see</u> [Docs. 4 & 9], Green filed her third amended complaint, which appears to eliminate any federal claims and assert only two possible discernible state law claims, <u>see</u> [Doc. 11].  "Thus, the Court must examine whether it continues to have original jurisdiction over this case and, if not, whether it should continue to exercise supplemental jurisdiction over the state law claims."   <u>Jimenez v. CVC</u>

Hosp., Inc., Case No: 6:18-cv-2152-Orl-40LRH, 2019 WL 1793038, at *2 (M.D. Fla. Apr. 12, 2019), adopted by 2019 WL 1787512, at *1 (M.D. Fla. Apr. 24, 2019).[4]

"Federal courts are courts of limited jurisdiction and may only exercise powers granted to them by Congress and the Constitution." Allstar Fin. Grp., Inc. v. Alpharetta Underwriters, LLC, CIVIL ACTION NO. 1:17-CV-2443-SCJ, 2017 WL 10378311, at *2 (N.D. Ga. Oct. 20, 2017) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). "Through the removal statute, Congress authorized federal district courts to exercise jurisdiction in civil cases originally filed in state court if the case falls within the court's original jurisdiction," and therefore, "if either a federal question or diversity of citizenship is present, a defendant may properly remove the case to federal court." Id. (citations omitted). In addition, "[u]nder 28 U.S.C. § 1367, district courts are empowered to exercise supplemental jurisdiction over claims that may not independently meet the dictates of [§§] 1331 or 1332, but are so related to the claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution." Id., at *3 (last alteration in original) (citation and internal marks

---

[4] "Courts may not reach the merits of a pending motion to dismiss unless subject matter jurisdiction lies in the federal district court." Moreno v. Senior Health-TNF, LLC, Case No. 8:22-cv-2820-WFJ-JSS, 2023 WL 2213516, at *1 (M.D. Fla. Feb. 24, 2023) (citation omitted).

omitted).   "The Court *sua sponte* may raise a jurisdiction defect at any time."
<u>Jimenez</u>, 2019 WL 1793038, at *2 (citation and internal marks omitted).

"Subject matter jurisdiction is determined at the time of removal," and
"[p]ost-removal amendments to a plaintiff's complaint will not defeat jurisdiction
if it existed at the time of removal."   <u>Allstar Fin. Grp., Inc.</u>, 2017 WL 10378311, at
*3 (citations omitted); <u>see also</u> <u>Moreno</u>, 2023 WL 2213516, at *2 (footnote and
citation omitted) ("Courts look to the operative complaint at the time of removal
to determine federal jurisdiction," and "[w]hether removal was proper is not
determined from the allegations of a later-filed amended complaint.").   That is,
"[a]s long as a basis for original jurisdiction existed at the time of removal, the
decision to exercise supplemental jurisdiction over state-law claims is within the
discretion of the court."   <u>Allstar Fin. Grp., Inc.</u>, 2017 WL 10378311, at *3 (citations
omitted).

The Court will presume that the case was properly removed based on the
second amended complaint filed in state court alleging claims arising under
federal statutes.   <u>See</u> [Doc. 3].[5]   However, Green subsequently filed a third

---

[5] In her second amended complaint, Green asserts as her "First Cause of Action" a
claim for "Mortgage Fraud" and references "violations of consumer protection
procedures acts, and fair credit report act, and the debt collection practices act."
[Doc. 3 at 1 (all caps omitted)].   The Court "questions whether merely referencing
these federal statutes as it relates to only one of [Green's] numerous claims is
sufficient to confer federal question jurisdiction on this Court[.]"   <u>Goodwin v.</u>

amended complaint, abandoning any federal claims and asserting only state law claims.  See [Doc. 11].  Therefore, the Court must "determine, in its discretion, whether it should retain or decline to exercise supplemental jurisdiction over the state law claims."  Jimenez, 2019 WL 1793038, at *2 (citations omitted).

"A court's discretion is guided by several considerations," including "judicial economy, convenience, and fairness to the parties."  Allstar Fin. Grp., Inc., 2017 WL 10378311, at *3 (citation omitted); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Lake Cnty. v. NRG/Recovery Grp., Inc., 144 F. Supp. 2d 1316, 1318–19 (M.D. Fla. 2001) (citation and internal marks omitted) (explaining that "a federal court must weigh the considerations of economy, convenience, fairness, and comity when determining whether to remand the amended complaint").[6]  "Where these concerns are not implicated, federal courts should generally decline to exercise jurisdiction over state claims" and "should

---

Adventist Health Sys./Sunbelt, Case No: 6:19-cv-1712-Orl-37LRH, 2019 WL 7842057, at *3 (M.D. Fla. Nov. 14, 2019) (citations omitted), adopted by 2019 WL 6649822, at *1 (M.D. Fla. Dec. 6, 2019).  However, because Green is "proceeding pro se, [ ] and the Court must construe the complaint liberally, the undersigned has presumed for issuance of this Report and Recommendation that the [second amended] complaint's [references] to the federal causes of action . . . could be sufficient."  Id. (citation omitted).

[6] "Additionally, concerns regarding unfair manipulation of the forum may also play a factor in the court's decision."  Allstar Fin. Grp., Inc., 2017 WL 10378311, at *3 (citations omitted); see also Carnegie-Mellon Univ., 484 U.S. at 356 n.12.

avoid deciding state claims when not necessary." <u>Allstar Fin. Grp., Inc.</u>, 2017 WL 10378311, at *3 (citations omitted).  And, "where the basis for federal jurisdiction disappears early in the case, courts are strongly encouraged to remand the remaining claims to state court." <u>Id.</u> (citations omitted).

In the present case, the "considerations of judicial economy, convenience, and fairness are not implicated in this case in a way that would support retaining jurisdiction" as "[t]his is not a situation where failing to exercise supplemental jurisdiction would result in a federal claim being tried in federal court, while simultaneously, related state claims are being resolved in state court," and "[w]hile there is nothing novel or complex about the state law claims involved in this case, in the absence of a federal claim . . ., it is simply not necessary for this Court to decide those issues." <u>Id.</u>, at *4.  Moreover, "this case is in its earliest stages," and "the Court cannot say that forum manipulation was clearly [Green's] goal," but "[e]ven if it were, the Court would not be obligated to retain jurisdiction[.]" <u>Id.</u>  Accordingly, because all of the factors "weigh in favor of the Court declining to exercise supplemental jurisdiction in this case," <u>Goodwin</u>, 2019 WL 7842057, at *5, it is **RECOMMENDED** that this action be **REMANDED** to the Superior Court of Henry County, Georgia, and that all pending motions, [Docs. 12, 19, 21, & 22], be **DENIED AS MOOT**, <u>Goodwin</u>, 2019 WL 7842057, at *5 (recommending that the case be remanded to state court and that any other

pending motions be denied as moot); see also Moreno, 2023 WL 2213516, at *2 (remanding the case to state court after finding the "state law claims," which fell "under supplemental jurisdiction," were "well-suited for remand" and denying defendant's motion to dismiss as moot); Jimenez, 2019 WL 1793038, at *3 (recommending that the court decline to exercise supplemental jurisdiction over the case and remand it to state court and that it deny all pending motions as moot, after considering each of the factors, including that the case had only been pending for a short period, that plaintiff was only asserting state law claims after amending her complaint, that the case originated in state court, and that there was "nothing to suggest that declining to exercise supplemental jurisdiction over the state law claims would be unfair to any party"); Lake Cnty., 144 F. Supp. 2d at 1321 (finding it was appropriate to exercise its discretion to remand the action to state court after its consideration of economy, fairness, and comity).  Alternatively, if supplemental jurisdiction is exercised over the state law claims asserted in Green's third amended complaint, for the reasons that follow, it is **RECOMMENDED** that Green's amended motion for an extension of time to respond to the pending motion to dismiss, [Doc. 19], be **DENIED**; that the motion to dismiss, [Doc. 12], be **GRANTED**, and Green's third amended complaint be **DISMISSED**; and that Green's motions for review by Chief Judge Batten, [Doc. 21], and for the Court to investigate home loan for mortgage fraud, [Doc. 22], be **DENIED AS MOOT**.

B.  **Rushmore and U.S. Bank's Motion to Dismiss, or Alternatively for a More Definite Statement, [Doc. 12], and Green's Amended Motion for an Extension of Time, [Doc. 19]**

Rushmore and U.S. Bank move for dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, see [Doc. 12], arguing that dismissal is appropriate here because Green's third amended complaint fails to comply with the Court's "very clear instructions on what was required in the [t]hird [a]mended [c]omplaint" in its December 7, 2022, Order, yet the third amended complaint "is mostly just a laundry list of questions that reference exhibits to the pleading that, like the [s]econd [a]mended [c]omplaint, are full of extraneous handwritten notes" and "does not set forth claims in separate counts," [Doc. 12-1 at 4-5 (citation omitted)].  Rushmore and U.S. Bank point out that the "only references to any purported claims are for 'conspiracy to commit a crime' and negligence, neither of which are in separate counts, and [that Green] did not identify the facts supporting these claims."  [Id. at 5].  They maintain that because the Court "warned [Green] that . . . fail[ure] to comply with the instructions in the Order," would "result in a recommendation to dismiss [the] action for failure to prosecute and for failure to comply with the Federal Rule of Civil Procedure and the Order of this Court," there "is no reason to allow this case to proceed any further" and "this case should be dismissed without prejudice."  [Id. at 6 (citation and internal marks omitted)]. Alternatively, Rushmore and U.S. Bank request that the Court order Green to

provide a more definite statement of her claims if the Court finds that dismissal is not yet appropriate.  [Id. at 6-7].

Green has not responded to the motion to dismiss, or in the alternative, for a more definite statement that was filed on December 29, 2022, [Doc. 12], despite having been granted two extensions to do so through February 10, 2023, see [Docs. 14, 15, 16, & 18].  Instead, on February 10, 2023, Green filed an amended motion for an eight-month extension to file a response to the motion to dismiss, [Doc. 19], and then filed two more frivolous motions on February 15, 2023, [Docs. 21 & 22], and a notice of appeal as to the denial by the Court of her initial motion for an eight-month extension to file a response to the motion to dismiss, which was subsequently dismissed by the Eleventh Circuit for lack of jurisdiction on April 7, 2023, [Docs. 24, 25, 26, 28, & 29]; see also [Docs. 16 & 18].  The Court will address these pending motions in turn.

### 1.    Green's Amended Motion for an Extension of Time, [Doc. 19]

On January 30, 2023, Green filed her first motion for an eight-month extension of time within which to respond to the motion to dismiss, or in the alternative, for a more definite statement.  [Doc. 16].  In this motion, Green stated that she needed eight months because she simply needed "more time to [r]eceive [d]ocuments from Rushmore[.]"  [Id. at 2 (emphasis omitted)].  She added that she was "still [r]eceiving paperwork from Rushmore" and that U.S. Bank "is still a part

of [her] lawsuit and [she] did not remove [it]."   [Id. at 3 (emphasis omitted)].
Rushmore and U.S. Bank opposed Green's motion, [Doc. 17], and on February 3,
2023, the Court issued an Order, denying Green's motion, [Doc. 18].

In the February 3, 2023, Order, the Court explained that it had "previously
extended the time for [Green] to respond to defendant's motion to dismiss, or in
the alternative, for a more definite statement, and [Green] ha[d] not shown good
cause for another lengthy extension, as requested."   [Id. at 1 (internal citation
omitted)].   Nevertheless, the Court gave Green through and including February
10, 2023, to file her response.  See [id.].  However, rather than file her response, on
February 10, 2023, Green filed an "amended" motion for an eight-month extension
of time to respond to the motion to dismiss, or in the alternative, for a more definite
statement.  [Doc. 19].  In this amended motion, which is nearly identical to her
previous motion, compare [Doc. 16], with [Doc. 19], Green again reiterates that she
needs an eight-month extension to respond because she is "waiting for documents
from Rushmore that would prove forgery and misleading information," [Doc. 19
at 1 (emphasis omitted)], despite the Court's previous explanation that Green's
motion based on this same reasoning did not show good cause for the extension,
see [Doc. 18].  Green subsequently spent time filing two more frivolous motions
on February 15, 2023, [Docs. 21 & 22], and appealing the Court's denial of her
initial motion for an eight-month extension, [Docs. 16, 18, 24, 25, 26, 28, & 29], but

she still has not filed a response to the pending motion to dismiss which was filed on December 29, 2022, [Doc. 12].

Green is "seeking to put the proverbial cart before the horse," but "[a] plaintiff must adequately plead a claim before obtaining discovery, not the other way around" and "discovery is not to be used to find a cause of action." In re Medtronic, Inc. Sprint Fidelis Leads Prod. Liab. Litig., Multidistrict Litigation No. 08–1905 (RHK/JSM), 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009) (citation and internal marks omitted), aff'd, 623 F.3d 1200 (8th Cir. 2010). "Rather, [t]he discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim," and "it is designed to ensure that viable claims have been alleged before dragging defendants through the costly and time-consuming discovery process." Id. (alteration in original) (emphasis, citations, and internal marks omitted). Green is "not entitled to conduct a fishing expedition for discovery, and only then amend [her] complaint in order finally to set forth well-pleaded allegations [or to respond to the motion to dismiss]." Id. (citation and internal marks omitted). Moreover, she has "only vaguely asserted what it is [she] intend[s] to discover and how [she] believe[s] that material will add substance to [her] allegations," but "[i]n the absence of any substantial showing how further discovery will aid [her] cause," id., at *3, the Court cannot find that Green's request for an extension in order to

obtain documents from Rushmore in order to frame a response to the motion to dismiss is warranted in this case. Furthermore, a review of a motion to dismiss is based upon the pleadings, and the pleading in question is Green's third amended complaint and thus, further discovery or documents from Rushmore should not be needed for Green to be able to respond to a motion to dismiss her pleading. See Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc., No. C-3-06-366, 2007 WL 756697, at *8 (S.D. Ohio Mar. 8, 2007). In sum, Green has had ample time within which to file a response to the pending motion to dismiss, or in the alternative, for a more definite statement that was filed on December 29, 2022, [Doc. 12], but instead, she chose to file another frivolous motion for an eight-month extension of time on her deadline to respond of February 10, 2023, [Doc. 19], as well as file two additional frivolous motions on February 15, 2023, [Docs. 21 & 22], and waste her time with a frivolous appeal of the Court's previous denial of her initial motion for an eight-month extension, [Docs. 16, 18, 24, 28, & 29]. Accordingly, it is hereby **RECOMMENDED** that Green's amended motion for an eight-month extension of time to respond to the motion to dismiss, or in the alternative, for a more definite statement, [Doc. 19], be **DENIED**.

**2.** **Rushmore and U.S. Bank's Motion to Dismiss, or in the Alternative, for a More Definite Statement [Doc. 12]**

Rushmore and U.S. Bank move to dismiss Green's third amended complaint in its entirety pursuant to Federal Rule of Civil Procedure 41(b). [Doc. 12]. Alternatively, they seek an order from the Court directing Green to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. [Id.]. Specifically, Rushmore and U.S. Bank contend that despite the Court's specific instructions in its Order dated December 7, 2022, "on what was required in the [t]hird [a]mended [c]omplaint," Green's "handwritten document removed any references to U.S. Bank as being a defendant and is mostly just a laundry list of questions that reference exhibits to the pleading that, like the [s]econd [a]mended [c]omplaint, are full of extraneous handwritten notes," and fails in any way to "comply with Rules 8 and 10 or this Court's prior Order" or to "set forth claims in separate counts[.]" [Doc. 12-1 at 3, 5 (citation omitted)]. They further contend that because the Court previously warned Green that failure "to comply with the instructions in the Order" would "result in a recommendation to dismiss th[e] action for failure to prosecute and for failure to comply with the Federal Rules of Civil Procedure and the Order of this Court," that "[t]here is no reason to allow this case to proceed any further" and that "this case should be dismissed without prejudice." [Id. at 6 (citation and internal marks omitted)].

As previously set forth, in its December 7, 2022, Order, [Doc. 9], the Court granted Rushmore and U.S. Bank's motion for a more definite statement, explaining that Green's second amended complaint had failed to set forth even the most basic factual predicate to support any claims; that she had failed to allege any allegations against U.S. Bank; that the second amended complaint merely consisted of a "laundry list of violations," without any supporting facts; that it was "difficult to discern her precise claims given the statutes cited and her sparse factual statements"; that the complaint failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure; and that it failed to "provide sufficient detail to allow defendants to form a responsive pleading," [id. at 8-9 (citations omitted)]. The Court instructed Green to file an amended complaint that complied with the Federal Rules of Civil Procedure by "setting forth in numbered paragraphs, . . . a short and plain statement of the claim showing that she [was] entitled to relief" and to "separately list each distinct cause of action in a separate count and specifically identify the factual allegations supporting each count." [Id. at 10].  The Court advised Green that "failure to obey the Court's Order to file an amended complaint within 14 days shall result in a recommendation to dismiss [the] action for failure to prosecute and for failure to comply with the Federal Rules of Civil Procedure and the Order of this Court." [Id. (citing Fed. R. Civ. P. 12(e), 41(b))]. The Court further advised Green that "[f]ailure to comply with [the] Order may

19

result in the striking of the second amended complaint and dismissal of [the] case for failure to comply with the Court's Order." [Id. at 12 (citing Fed. R. Civ. P. 12(e), 41(b); LR 41.3(A)(2), NDGa.)].

Green timely filed her third amended complaint on December 21, 2022. [Doc. 11].  However, Green's third amended complaint, titled "Mortgage Fraud Civil Conspiracy," [id. at 1], much like her second amended complaint, see [Doc. 3], alleges in a vague and conclusory fashion as follows:

> § 16-4-8 Georgia code, conspiracy to commit a crime.
> Rushmore is co-owner with U.S. Bank . . . . I the plaintiff [am] doing what I can to prevent Rushmore from attempting to steal my property from me with their [w]hite [c]ollar scheme, by material misstatements, misrepresentation, and omission relating to my mortgage[] statements and payment history statement.

[Doc. 11 at 2].  Green includes a laundry list of questions that reference specific exhibits attached to her third amended complaint, see [id. at 3-8], and she requests in her concluding paragraph that that the Court grant her "damages in the sole case of negligence" and "award [her] the title deed to [her] property and $150,000 in real money for the hardship [she] endured for [five] years Rushmore served [her] loan," [id. at 8].  Thus, Green's third amended complaint does not set forth "distinct cause[s] of action" or "specifically identify the factual allegations supporting each count," as instructed by the Court.  [Doc. 9 at 10].  In short, the third amended complaint fails to comply with the pleading requirements of the

Federal Rules of Civil Procedure and appears to have been filed without material changes or effort to adhere to this Court's December 7, 2022, Order.

Pursuant to Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with the[ Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); see also Abdulla v. S. Bank, CV 121-099, 2022 WL 1478996, at *4 (S.D. Ga. May 10, 2022) (alteration in original) (citation and internal marks omitted) ("On a motion by the defendant, a district court may dismiss a complaint for failure . . . to obey a court order or federal rule.").[7]  "A district court also has inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." Halstead v. Espinoza, CIVIL ACTION FILE NO. 1:20-cv-03474-SCJ, 2021 WL 4530131, at *2 (N.D. Ga. Aug. 31, 2021) (citation and internal marks omitted), aff'd, No. 21-13356, 2023 WL 2399288 (11th Cir. Mar. 8, 2023) (per curiam).[8]

---

[7] Additionally, Local Rule 41.3(A)(2) provides in pertinent part that "[t]he Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the Court in the case[.]"  LR 41.3(A)(2), NDGa.

[8] "It is true dismissal with prejudice for failure to prosecute is a sanction . . . to be utilized only in extreme situations and requires a court to (1) conclude[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice," while "dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and,

Dismissal without prejudice is appropriate in this case because Green has already been given one opportunity to replead her claims, with specific instructions from the Court, yet she failed to obey a lawful order of the Court "by filing a repleader with the same deficiency[.]" Id. (citation and internal marks omitted). "If the requisite chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case," and here, Green's third amended complaint is drafted in a way that renders it completely inadequate. Id. (citations and internal marks omitted); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020) (per curiam) (unpublished) (alteration in original) (citation and internal marks omitted) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). That is, Green's third amended complaint "still fails to state a cohesive legal claim and still violates Rules 8(a)(2) and 10(b)." Cummings v. Mitchell, CV 118-161, 2020 WL 6802032, at *3 (S.D. Ga. Nov. 19, 2020), aff'd, No. 20-14784, 2022 WL 301697 (11th Cir. Feb. 2, 2022)

---

therefore, courts are afforded greater discretion in dismissing claims in this manner." Williams v. Martin, CIVIL ACTION NO.: 5:21-cv-77, 2022 WL 2379744, at *2 (S.D. Ga. June 9, 2022) (alterations in original) (emphasis, citations, and internal marks omitted), adopted by 2022 WL 2376265, at *1 (S.D. Ga. June 30, 2022).  As noted, Rushmore and U.S. Bank seek dismissal without prejudice. See [Doc. 12-1 at 6].

(per curiam).[9]  Green was warned in the Court's December 7, 2022, Order that failure to comply would result in the recommendation that her case be dismissed. [Doc. 9 at 10, 12].  Green's case is subject to dismissal, notwithstanding her *pro se* status, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the Court's inherent power, due to her failure to obey an order of the Court.  See Fed. R. Civ. P. 41(b); see also Henley v. McGregor, CIVIL ACTION NO.: 6:20-cv-22, 2022 WL 2311997, at *3 (S.D. Ga. May 25, 2022) (citation omitted) (recommending granting defendant's motion to dismiss and dismissing without prejudice

---

[9] In fact, there are only two possible discernible claims in the third amended complaint, one of which is a claim under a state criminal statute, O.C.G.A. § 16-4-8, see [Doc. 11 at 2]; however, Green "does not have any authority to prosecute [Rushmore or U.S. Bank] for alleged violations of criminal statutes," Laosebikan v. Coca-Cola Co., CIVIL ACTION FILE NO. 1:09-CV-1516-RWS-ECS, 2010 WL 11506384, at *4 (N.D. Ga. Feb. 10, 2010) (citation omitted), adopted by 2010 WL 11508378, at *1 (N.D. Ga. Mar. 9, 2010), aff'd in part, 415 F. App'x 211 (11th Cir. 2011) (per curiam) (unpublished); see also Clements v. Wells Fargo Home Mortg. Inc., CIVIL ACTION FILE NO. 1:18-cv-1781-MHC-CMS, 2018 WL 6709523, at *5 (N.D. Ga. Nov. 15, 2018) (citation omitted) (explaining that O.C.G.A. § 16-4-8 did not "include a civil remedy and [could not] form the basis of a civil conspiracy claim"), adopted by 2018 WL 6694848, at *1 (N.D. Ga. Dec. 13, 2018).  Green also references "negligence" in her concluding paragraph, [Doc. 11 at 8], but she "fails to allege any cognizable statutory or common law duty," Heath v. ILG Techs., LLC, CIVIL ACTION FILE NO. 1:20-CV-3130-TWT, CIVIL ACTION FILE NO. 1:20-CV-3651-TWT, CIVIL ACTION FILE NO. 1:20-CV-3652-TWT, CIVIL ACTION FILE NO. 1:20-CV-3654-TWT, CIVIL ACTION FILE NO. 1:20-CV-3656-TWT, CIVIL ACTION FILE NO. 1:20-CV-3655-TWT, CIVIL ACTION FILE NO. 1:20-CV-3131-TWT, 2020 WL 6889164, at *10 (N.D. Ga. Nov. 24, 2020) (citation and internal marks omitted).

plaintiff's complaint, since plaintiff "failed to follow [the] Court's Order or respond to [d]efendant's [m]otion to [d]ismiss, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so"), adopted by 2022 WL 2308918, at *1 (S.D. Ga. June 27, 2022); Hall v. Crestmark Club, No. 1:07-cv-0715-WSD-JFK, 2008 WL 187517, at *2 (N.D. Ga. Jan. 18, 2008) (dismissing *pro se* plaintiff's complaint where he failed to obey court orders as well as comply with the local rules and was warned that such failure could result in sanctions, including dismissal), adopted at *1.   And, because Green's third amended complaint "fails to correct the deficiencies of the [second] [a]mended [c]omplaint and violates the Court's explicit instructions to [her]," "providing [her] another opportunity to file an amended complaint will not remedy the defects the Court has now repeatedly noted" and thus, "the Court will not permit [Green] another opportunity to correct [her] pleading." Hudson v. Morris, CIVIL ACTION NO.: 4:20-cv-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (citations omitted).   Accordingly, Rushmore and U.S. Bank's motion to dismiss, [Doc. 12], is due to be granted and Green's third amended complaint, [Doc. 11], is due to be dismissed.[10]

---

[10] As previously noted, Green also filed motions for review by Chief Judge Batten, [Doc. 21], and for the Court to investigate home loan for mortgage fraud, [Doc. 22],which Rushmore and U.S. Bank oppose, [Doc. 23].  If the district court elects to

### III.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that this case be **REMANDED** to the Superior Court of Henry County, Georgia, and that all pending motions be **DENIED AS MOOT**.  Alternatively, should jurisdiction be retained, it is **RECOMMENDED** that Green's amended motion for extension of time, [Doc. 19], be **DENIED**; that Rushmore's motion to dismiss, [Doc. 12], be **GRANTED**; that Green's motions for review by Chief Judge Batten, [Doc. 21], and for the Court to investigate home loan for mortgage fraud, [Doc. 22], be **DENIED AS MOOT**; and that Green's third amended complaint, [Doc. 11], be **DISMISSED**.

The Clerk is **DIRECTED** to terminate this referral.

**IT IS SO RECOMMENDED** and **DIRECTED** this 18th day of April, 2023.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

retain supplemental jurisdiction, it is also **RECOMMENDED** that Green's motions, [Docs. 21 & 22], be **DENIED AS MOOT** based on the alternative recommendation that the  motion to dismiss, [Doc. 12], be granted.