IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YVETTA D. GREEN,

    Plaintiff,

        v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC and U.S. BANK
NATIONAL ASSOCIATION,

    Defendants.

Civil Action No.
1:22-cv-04218-SDG

## OPINION AND ORDER

This matter is before the Court on United States Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (R&R) [ECF 30], Rushmore Loan Management Services LLC and U.S. Bank National Association's (Defendants) objections to the R&R [ECF 32],[1] and Plaintiff Yvetta Green's objections [ECF 33]. After careful consideration of the record, Green's objections [ECF 33] are **OVERRULED,** Defendants' objections [ECF 32] are **SUSTAINED IN PART** and

---

[1]    Although Plaintiff did not include U.S. Bank National Association anywhere in the Third Amended Complaint [ECF 11], it is not clear that she intended to drop it as a party to this litigation. Accordingly, Defendants jointly moved to dismiss that pleading [ECF 12] and objected to the R&R [ECF 32]. Because Plaintiff is proceeding *pro se*, the Court does not construe the Third Amended Complaint as abandoning claims against U.S. Bank. The Clerk is therefore **DIRECTED** to update the docket to reflect that U.S. Bank was not terminated as of December 21, 2022.

**OVERRULED IN PART,** and the R&R [ECF 30] is **ADOPTED IN PART** and **DECLINED IN PART**.

## I.     LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file, within fourteen days, written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Subsequently, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's R&R. It may consider an argument that was never presented to the magistrate judge, or it may decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d

1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Importantly, though *pro se* parties' filings must be leniently construed, "*pro se* litigants are [nevertheless] required to comply with applicable procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). And if the objections are not timely filed—*i.e.*, within fourteen days of service of the R&R or as directed by the magistrate judge—the district court need not consider them, and any arguments contained in them shall be deemed waived for purposes of appeal. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Since no party objects to the R&R's recitation of the facts, they are incorporated by reference.[2] Defendants removed this case from the Superior Court of Henry County, Georgia, on October 24, 2022.[3] Since that time, Plaintiff Green has had difficulty complying with the rules that govern pleading and deadlines. After Green filed both the First Amended Complaint (on October 24, 2022) and the

---

[2]    ECF 30, at 3–7.

[3]    ECF 1.

Second Amended Complaint (on October 31),[4] Defendants moved the Court for a more definite statement.[5] Jude Vineyard granted the motion for a more definite statement on December 7, 2022, and ordered Green to file a new pleading that complied with Fed. R. Civ. P. 8 and 10 within 14 days.[6] On December 21, 2022, Green filed the Third Amended Complaint.[7] And, on December 29, Defendants moved to dismiss the Third Amended Complaint.[8]

In early 2023, Green filed a number of motions for extensions of time to address Defendants' motion to dismiss.[9] Judge Vineyard denied those motions but allowed Green until February 10 to respond to Defendants' Motion to Dismiss.[10] Green did not timely respond as ordered; instead, on February 10, she filed another motion for an extension of time[11] and, on February 15, two motions requesting that the Chief Judge of this Court review her case and that the Court

---

[4]   ECFs 2, 3.

[5]   ECF 4.

[6]   ECF 9.

[7]   ECF 11.

[8]   ECF 12.

[9]   ECFs 14, 16.

[10]   ECF 18.

[11]   ECF 19.

investigate Defendants for a mortgage fraud conspiracy.[12] In addition, Green filed a notice of appeal on February 24.[13] However, recognizing that Green had nothing to appeal, the Eleventh Circuit dismissed Green's appeal on April 7.[14]

Subsequently, Judge Vineyard issued the R&R, recommending either remand or dismissal of the case and denial of the pending motions.[15] On May 2, 2023, Defendants timely objected to the R&R.[16] Green's May 8 objections to the R&R were not timely filed, but the Court addresses them anyway.

## III. ANALYSIS

### A. Green's Objections

Green's May 8 filing appears to refer to her own January 13 motion for an extension of time.[17] Though she filed it four months late, and the Court could disregard it on that basis, LR 7.1(C), NDGa, the Court recognizes Green's *pro se* status and nevertheless considers it as objections to the R&R. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (A "handwritten *pro se* document is to be liberally construed.").

---

[12]  ECFs 21, 22.

[13]  ECF 24.

[14]  ECF 29.

[15]  ECF 30.

[16]  ECF 32, at 9.

[17]  ECF 33, at 1.

The issue then becomes whether Green's "objections" have merit; they do not. Green's objections are problematic in two ways. First, Green does not specifically identify anything erroneous in the R&R.[18] *Schultz*, 565 F.3d at 1361. Second, for the first time since the inception of this case seven months ago, Green asserts that Wells Fargo Bank is somehow involved in Defendants' alleged "conspiracy to commit mortgage fraud" but does not provide additional facts to support this conclusory claim.[19] Accordingly, as these objections are frivolous and general, the Court need not consider them. *Marsden*, 847 F.2d at 1548. Green's objections are overruled.

## B.   Defendants' Objections

Defendants raise two objections to the R&R. The objections are sustained in part and overruled in part.

### 1.   Objection One: Jurisdiction

Defendants object to the R&R's conclusion that remand is proper because Green's Third Amended Complaint abandons her federal claims and this Court either does not have subject matter jurisdiction or should decline to exercise

---

[18]   *See* ECF 33; ECF 3; ECF 11.

[19]   ECF 33, at 1–3.

subject matter jurisdiction over Green's state law claims.[20] Neither Defendants nor the R&R are entirely correct.

Because no party objects to the R&R's recitation of the law on jurisdiction, the Court adopts it. The R&R and Defendants correctly note that subject matter jurisdiction is a threshold issue. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC.*, 374 F.3d 1020, 1021 (11th Cir. 2004). Green's Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practice Act (FDCPA) claims in the Second Amended Complaint were properly before the Court per its federal question jurisdiction, and the state law claims in the Second Amended Complaint,[21] which arose from the same nucleus of operative facts,[22] were properly accorded supplemental jurisdiction under 28 U.S.C. § 1367. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (finding that state and federal claims deriving from a common nucleus of operative facts give the federal courts power to hear the whole package of claims); *Ledford v. Peeples*, 605 F.3d 871, 902 (11th Cir. 2010)

---

[20]   ECF 30, at 10–11.

[21]   ECF 3, ¶¶ 4–8. Green asserts various state law claims including residential mortgage fraud, consumer rights violations, money laundering, first degree forgery, and financial transaction schemes/breach of trust with fraudulent intent.

[22]   *Id.* ¶ 3. Both the federal and state law claims arise from a dispute over the alleged misuse of mortgage payments.

(holding that exercising supplemental jurisdiction was proper because the state law claims formed part of the same case or controversy), *modified and superseded in part by* 657 F.3d 1222, 1224 (11th Cir. 2011) (en banc). But if Green's Third Amended Complaint were accepted and her federal claims were dropped in the process, there would no longer be federal question jurisdiction to which supplemental jurisdiction over any state law claims could attach.[23] Thus, before the Court can answer the jurisdictional question, it must first determine whether Green's Second or Third Amended Complaints is operative.

### i.   The Second Amended Complaint Controls, and Green Did Not Abandon the Federal Claims.

Defendants argue that Green's Third Amended Complaint is not an intelligible pleading but rather a list of grievances and, as such, should not constitute an acceptable complaint.[24] Customarily, "an amended complaint supersedes the former complaint" and renders the claims in the original complaint obsolete if they were not included in the amended complaint. *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). Here, however, the Third

---

[23]   *See* ECF 11.

[24]   ECF 32, at 11.

Amended Complaint runs afoul of Judge Vineyard's Order granting Defendants'

motion for a more definite statement, so the Court declines to accept it.

In his Order, Judge Vineyard wrote,

> Plaintiff's second amended complaint fails to assert even the most basic factual predicate to support any claims. Additionally, plaintiff has failed to assert any allegations against U.S. Bank or make any claims against U.S. Bank. Her complaint consists of a mere laundry list of violations, but she does not provide any facts to support these conclusory allegations, and it is difficult to discern her precise claims given the statutes cited and her sparse factual statements, and her affidavit of specific negative averment does not remedy the deficiencies in her second amended complaint.
>
> . . . .
>
> Plaintiff is hereby **ORDERED** to file within **fourteen (14)** days an amended complaint which complies with Federal Rules of Civil Procedure 8 and 10, by setting forth in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances, a short and plain statement of the claim showing that she is entitled to relief. Plaintiff shall separately list each distinct cause of action in a separate count and identify the factual allegations supporting each count. Moreover, _in being ordered to replead under Rule 12(e), Plaintiff is not being granted leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2), and thus, she shall not use this as an opportunity to add new claims and/or parties which are not apparent from the allegations in her Second Amended Complaint._ Plaintiff is advised that failure to obey the Court's Order to file an amended complaint within 14 days shall result in a

recommendation to dismiss this action for failure to prosecute and for failure to comply with the Federal Rules of Civil Procedure and the Order of this Court.[25]

Green filed the Third Amended Complaint as ordered, but her compliance with Judge Vineyard's explicit instructions stopped there. The R&R explains:

> Green's Third Amended Complaint, titled "Mortgage Fraud Civil Conspiracy," much like her Second Amended Complaint, alleges [facts] in a vague and conclusory fashion . . . and requests in her concluding paragraph that the Court grant her "damages in the sole case of negligence" and "award her the title deed to her property and $150,000 in real money for the hardship she endured for [the] five years Rushmore serviced her loan." Thus, Green's Third Amended Complaint does not set forth "distinct causes of action" or "specifically identify the factual allegations supporting each count," as instructed by the Court. In short, the Third Amended Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and appears to have been filed without material changes or effort to adhere to this Court's December 7, 2022[ ] Order.[26]

No party objects to the R&R's analysis regarding Green's noncompliance with Judge Vineyard's order and failure to follow the Federal Rules of Civil Procedure, so the Court adopts the R&R on this point.

---

[25]   ECF 9, at 9–10 (cleaned up).

[26]   ECF 30, at 20–21 (cleaned up).

Considering Judge Vineyard's December 7, 2022 Order, the contents of the Second and Third Amended Complaints, the portions of the R&R to which no party objected, and Rule 12(e)'s text, the Court strikes the Third Amended Complaint and concludes that the Second Amended Complaint is the operative pleading. *See* Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue another appropriate order.").

Green was never granted leave to amend the Second Amended Complaint, but rather ordered by Judge Vineyard to file a pleading that complied with the criteria he explicitly outlined. As the R&R notes, Green failed to follow Judge Vineyard's directive and, on a basic level, failed to provide "a short and plain statement showing that . . . [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Consequently, the Court finds it improper to accept the defective Third Amended Complaint as operative and then rely on it to remand the case. Defendants' objections are sustained with regard to the R&R's conclusion that Green abandoned her federal claims, and the R&R is declined as moot and Defendants' objections are overruled as moot regarding their alternative supplemental jurisdiction analyses. The Third Amended Complaint is stricken.

### 2.     Objection Two: Failure to Analyze Dismissal with Prejudice

As an alternative to remand for lack of subject matter jurisdiction, the R&R recommends dismissal without prejudice.[27] Defendants object to the extent it failed to address their request that the complaint be dismissed *with* prejudice.[28] That objection is overruled.

The R&R recommends dismissal without prejudice and notes that "Green's case is subject to dismissal, notwithstanding her *pro se* status, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the Court's inherent power, due to her failure to obey an order of the Court."[29] *See Betty K Agencies, Ltd. v. M/V/ Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (stating that, under Federal Rule of Civil Procedure 41(b), a district court may dismiss a claim if a plaintiff fails to comply with a court's orders); *see also* LR 41.3(A)(2), NDGa ("The Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case."). Since no party objects to the R&R's conclusion that Green's

---

[27]   ECF 30, at 13.

[28]   ECF 23.

[29]   ECF 30, at 23 (citations omitted).

case is due to be dismissed for failure to prosecute, the Court adopts the R&R on that point.

Yet, Defendants maintain that any dismissal should be with prejudice per their request (included in a brief they filed in response to several of Green's motions).[30] Contrary to Defendants' position, it was not error to disregard their request for relief tucked in a response brief because "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b). No motion can be filed "as a section to a response brief." *Myers v. Citigroup, Inc.*, 2015 WL 12856451, at *10 (N.D. Ga. Feb. 3, 2015) (adopted *by* 2015 WL 12859410 (N.D. Ga. Feb. 27, 2015)). If Defendants sought the specific relief of dismissal with prejudice, they should have done so in accordance with Rule 7(b). *Cf. Dockens v. United States*, 2020 WL 1809745, at *3 n.6 (N.D. Ga. Feb. 7, 2020) (declining to consider the plaintiffs' request for default judgment because it was made in a response). Defendants' objection in this regard is overruled.

## IV.   CONCLUSION

Green's objections [ECF 33] are **OVERRULED,** Defendants' Objections [ECF 32] are **SUSTAINED IN PART** and **OVERRULED IN PART,** and the R&R

---

30   ECF 23.

[ECF 30] is **ADOPTED IN PART** and **DECLINED IN PART**. The Clerk's office is **DIRECTED** to correct the docket to remove the termination reference of Defendant U.S. Bank National Association as of December 21, 2022. The Clerk's office is further **DIRECTED** to **STRIKE** the Third Amended Complaint from the docket [ECF 11]. The case is **DISMISSED WITHOUT PREJUDICE** for failure to follow a lawful order of the Court. Defendants' Motion to Dismiss without prejudice [ECF 12], and Green's pending motions [ECFs 19, 21, 22] are all **DENIED AS MOOT**. The Clerk is **DIRECTED** to close the case.

      **SO ORDERED** this 21st day of August, 2023.

Steven D. Grimberg
United States District Court Judge