## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

YVETTA D. GREEN,

    Plaintiff,

          v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC, and U.S. BANK
NATIONAL ASSOCIATION,

    Defendants.

Civil Action No.
1:22-cv-04218-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant U.S. Bank's motion for attorneys' fees [ECF 38], and on various motions for relief filed by Plaintiff Yvetta Green [ECFs 37, 40, 41, 44, 46, 47, 50, and 51]. For the following reasons, U.S. Bank's motion is **GRANTED** and Green's motions are **DENIED**.

## I.    BACKGROUND

This case arises out of a $97,400 mortgage loan that Green took out[1] to finance the purchase of her home,[2] and on which she still owes over $45,000.[3] After receiving a series of letters and bills on the status of her loan from Defendant Rushmore Loan Management Services LLC,[4] Green sued Rushmore in state court

---

[1]    ECF 38-1, at 2.

[2]    ECF 3, at 1.

[3]    *Id.* at 3.

[4]    *See generally id.* at 7–32.

alleging that it had committed various frauds in the course of servicing her mortgage.[5] Rushmore removed to this court in October 2022.[6]

Since then, the case has been held up by Green's failure to file a complaint that complies with the Federal Rules of Civil Procedure. Immediately upon Rushmore's removal, Green filed her first and second amended complaints, the latter adding U.S. Bank as a party defendant,[7] to which Defendants responded with a motion for a more definite statement under Fed. R. Civ. P. 12(e).[8] That motion was granted by United States Magistrate Judge Russell G. Vineyard, who found that Green's second amended complaint "fail[ed] to assert even the most basic factual predicate to support any claims," "failed to assert any allegations against U.S. Bank," and "consist[ed] of a mere laundry list of violations."[9] Judge Vineyard accordingly ordered Green to file a third amended complaint with the following instructions:

1.    It must comply with Fed. R. Civ. P. 8 and 10;

2.    It must "set[ ] forth in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single

---

[5]    ECF 1-1, at 3–4.

[6]    ECF 1.

[7]    ECFs 3, at 1.

[8]    ECF 4.

[9]    ECF 9, at 8.

      set of circumstances, a short and plain statement of the claim showing that she is entitled to relief;

3.     It must "separately list each distinct cause of action in a separate count and specifically identify the factual allegations supporting each count;" and

4.     It must not "add new claims and/or parties which are not apparent from the allegations in her second amended complaint."[10]

Green duly filed her third amended complaint[11] which, as undersigned subsequently ruled, failed to comply with Judge Vineyard's instructions.[12] The third amended complaint was accordingly struck,[13] and the operative second amended complaint was dismissed without prejudice for Green's failure to prosecute.[14] U.S. Bank has now moved for contractual attorneys' fees,[15] and Green has filed a flurry of responses and motions.[16]

---

[10]  *Id.* at 10.

[11]  ECF 11.

[12]  ECF 34, at 10–11.

[13]  *Id.* at 11.

[14]  *Id.* at 12–13.

[15]  ECF 38.

[16]  ECFs 37, 40, 41, 44, 46, 47, 50, 51.

## II.     DISCUSSION

### A.     Green's Motions Are Denied.

Construed liberally as they must be, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Green's motions could be construed in one (or more) ways, each of which will be addressed in turn.

First, Green's motions might be construed as a motion to alter or amend the Court's dismissal without prejudice under Fed. R. Civ. P. 59(e). However, Green does not raise arguments or present evidence that bears on why her complaint was dismissed: her failure to plead in accordance with the Federal Rules and Judge Vineyard's instructions. Thus, alteration or amendment under Rule 59(e) is denied.

Second, Green's motions might be construed as an attempt to replead. However, the time to do so has long since lapsed. Any efforts to replead at this stage, even if they complied with Judge Vineyard's instructions and the Federal Rules (which they do not), is now too late and denied.

Third, Green's motions might be construed as responses to U.S. Bank's motion for attorneys' fees.[17] For the reasons given further below, however, U.S. Bank's motion for fees is granted.

---

[17]    *See* ECFs 46, 47 (moving for relief from fees).

Fourth and finally, Green's motions are perhaps best understood literally, as asking for an evidentiary hearing, the production of documents, the Court's help in keeping her home, the re-opening of her case, and so on. However, because Green's operative second amended complaint has been dismissed, Green's motions are either moot or without good cause or both.  The Court has carefully reviewed each of Green's motions and they are denied.

**B.     U.S. Bank Is Entitled to Attorneys' Fees.**

U.S. Bank is claiming contractual attorneys' fees for the cost of litigating Green's suit, under the terms of the security deed that Green signed in exchange for the mortgage loan. Contractual provisions for attorneys' fees are generally enforceable under Georgia law.[18] *Hope & Assocs., Inc. v. Marvin M. Black Co.*, 205 Ga. App. 561, 563 (1992). Here, under the security deed, U.S. Bank is entitled to $8,953.00 in attorneys' fees.

First, U.S. Bank can legally recover attorneys' fees under the security deed. The security deed provides that if the borrower—Green[19]—were to "bring[ ] a legal proceeding that may significantly affect Lender's rights in the Property (such

---

[18]   The security deed provides that it is governed "by the law of the jurisdiction in which the Property is located," ECF 38-2, at 10. "Property" is defined as that "which is located at 205 Talbot Ct, McDonough, GA 30253-6782." ECF 38-2, at 3. Thus, the security deed is governed by Georgia law.

[19]   ECF 38-2, at 2 (defining "Borrower" as "Yvetta D Green, her heirs and assigns").

as a legal proceeding … to enforce laws or regulations),” then “Lender may … pay for whatever it deems reasonable or appropriate to protect the Lender’s rights in the Property” including “reasonable attorneys’ fees.”[20] The security deed further provides that Green agrees to “pay to Lender any amounts which Lender advances [in attorneys’ fees] with interest.”[21] The security deed defines “Lender” as Wachovia Mortgage, FSB, the bank that issued Green’s loan;[22] Wachovia later merged with Wells Fargo Bank,[23] which then assigned its rights under the mortgage to U.S. Bank.[24]  Thus, by suing U.S. Bank and seeking the remainder of her mortgage loan balance in relief,[25] Green has brought a legal proceeding that could significantly affect “Lender’s rights in the Property.” Putting it all together, the Court concludes that U.S. Bank has an enforceable right under the security deed, by virtue of a valid assignment, to collect reasonable attorneys’ fees that it incurred in defending against Green’s suit.

---

[20]  ECF 38-1, at 8.

[21]  *Id.*

[22]  ECF 38-1, at 2.

[23]  *Id.* at 7.

[24]  ECF 38-3, at 2 (assigning “the full benefit of all the powers and of all the covenants and provisos” in the security deed to U.S. Bank).

[25]  ECF 3, at 3 (“requesting mortgage pay-off”).

Second, the amount that U.S. Bank is entitled to recover is $8,953. The security deed requires attorneys' fees both to be incurred for a "reasonable or appropriate" reason, and to be a reasonably calculated sum. Here, the Court finds that U.S. Bank's counsel's litigating of the case has been reasonable and appropriate. The Court likewise finds, upon reviewing counsel's affidavit[26] and billing records,[27] that counsel's hourly rates and time spent are reasonable, in light of the attorneys' and paralegals' experience and qualifications, and the prevailing market rate in Atlanta for similar services by comparable professionals. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

## III.   CONCLUSION

U.S. Bank's motion for attorneys' fees [ECF 38] is **GRANTED** and Green's motions for relief [ECFs 37, 40, 41, 44, 46, 47, 50, and 51] are **DENIED**. This case shall remain closed.

**SO ORDERED** this 29th day of March, 2024.

_____
Steven D. Grimberg
United States District Judge

---

[26] ECF 45-1, at 2–4.

[27] *Id.* at 6–22.